IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CV-F-99-5186 OWW |
| | ) | (No. CR-F-94-5011 OWW |
| | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| Plaintiff/ | ) | MOTION TO REOPEN AND |
| Respondent, | ) | RECONSIDER (Doc. 601), |
| | ) | DENYING IN PART AND GRANTING |
| vs. | ) | IN PART PETITIONER'S MOTION |
| | ) | FOR ENTRY OF JUDGMENT IN |
| | ) | SEPARATE DOCUMENT (Doc. |
| GERARDO DELGADO-GARIBAY, | ) | 602), AND DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Defendant/ | ) | |
| Petitioner. | ) | |
| | ) | |

By Order filed on November 20, 2001, Petitioner Gerardo Delgado's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was denied and a certificate of appealability did not issue (Doc. 585). Petitioner timely filed an appeal to the Ninth Circuit (Doc. 586). On August 7, 2002, the Ninth Circuit's Order denying Petitioner's request for a certificate of appealability was filed in this Court (Doc. 598).

In pertinent part, the Order denying the Section 2255 motion

1

rejected Petitioner's contention that he was denied the effective assistance of counsel because of counsel's failure to challenge the type of methamphetamine used to determine Petitioner's sentence:

> Petitioner argues his counsel was ineffective in failing to object to the type and quantity of methamphetamine used to sentence him ... In *United States v. Scrivner*, 114 F.3d 964 (1997), the Ninth Circuit held that a district court did not err by sentencing defendants using the D-methamphetamine standards when no evidence as to the type of methamphetamine involved is introduced and the defendant did not object during sentencing.[7] *See Scrivner,* 114 F.3d at 969-70.  The Ninth Circuit held that '*Scrivner* controls this case" and '[t]he district court did not commit plain error in sentencing the defendants on the basis that the methamphetamine involved was D-methamphetamine.' ....
>
> Counsel's failure to raise the difference between L-methamphetamine and D-methamphetamine is not objectively unreasonable.  *See United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir.1996). Petitioner relies on the reasoning in the original Ninth Circuit opinion in this case, *United States v. Magallon*, 113 F.3d 150 (9th Cir.1997), *withdrawn by court order* on June 5, 1997 ... That opinion was withdrawn, and the order vacating Petitioner's sentence was itself vacated by the Ninth Circuit on September 15, 1997 ... *McMullen*, conversely, has never been reversed.
>
> Petitioner also fails to demonstrate that the outcome would have been different had counsel raised the issue of the type of methamphetamine used.  Petitioner does not contend the methamphetamine he manufactured was L-methamphetamine.  In addition, the record suggests evidence was presented to the jury of a high enough quantity of methamphetamine that Petitioner's sentence could have been supported even if he were

> sentenced using the L-methamphetamine standard ....
>
> [7]The sentencing guidelines were amended on Nov. 1, 1995, to eliminate the distinction in penalties between the less potent L-methamphetamine and the more potent D-methamphetamine. *See Scrivner*, 114 F.3d at 967; U.S.S.G. §2D1.1. Petitioner was apparently sentenced under the old guidelines.

On June 21, 2007, Petitioner filed a motion for entry of judgment denying his Section 2255 motion pursuant to Rule 58(a), Federal Rules of Civil Procedure (Doc. 602), and a motion to reopen and reconsider the Order denying the Section 2255 motion (Doc. 601).

Petitioner's motion to reopen and reconsider the denial of his Section 2255 motion is based on Rule 60(b)(1) and (b)(6), Federal Rules of Civil Procedure.

Petitioner contends that the Supreme Court decision in *Washington v. Recuenco*, ___ U.S. ___, 126 S.Ct. 2546 (2006) establishes a "new rule" that must be applied retroactively.

In *Recuenco*, Recuenco was convicted of assault with a deadly weapon in the second degree based on the jury's finding that he assaulted his wife with a deadly weapon. The trial court applied a 3-year firearm enhancement to his sentence based on its own factual findings in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). The Supreme Court of Washington vacated the sentence, concluding that *Blakely* violations can never be harmless. The United States Supreme Court reversed, holding that "[f]ailure to submit a sentencing factor to the jury, like

failure to submit an element to the jury, is not structural error." 126 S.Ct. at 2553. In the course of reaching this conclusion, the Supreme Court, citing *Apprendi v. New Jersey,* 530 U.S. 466 (2000), stated in pertinent part:

> [W]e have treated sentencing factors, like elements, as facts that have to be tried to the jury and proved beyond a reasonable doubt ... The only difference between this case and *Neder* is that in *Neder*, the prosecution failed to prove the element of materiality to the jury beyond a reasonable doubt, while here the prosecution failed to prove the sentencing factor of 'armed with a firearm' to the jury beyond a reasonable doubt. Assigning this distinction constitutional significance cannot be reconciled with our recognition in *Apprendi* that elements and sentencing factors must be treated the same for Sixth Amendment purposes.

*Id*. at 2552.

Petitioner asserts that the above-quoted statement in *Recuenco*

> returns to defendants the protections that the 5th and 6th Amendments have always provided, but were taken away in large part by the Court's holding in McMillan v. Pennsylvania.

Petitioner's motion to reopen and reconsider is without merit and is DENIED. The portion of *Recuenco* cited by Petitioner merely reaffirms the holding of *Apprendi*. Neither *Apprendi v. New Jersey, supra, Blakely v. Washington,* 542 U.S. 296 (2004), or *United States V. Booker*, 543 U.S. 200 (2005), apply retroactively to a conviction that was final before these decisions were announced. *See United States v. Sanchez-Cervantes*, 282 F.3d 664 (9th Cir.), *cert. denied*, 537 U.S. 939

4

(2002); *Schardt v. Payne*, 414 F.3d 1025 (9th Cir.2005); *United States v. Cruz*, 423 F.3d 1119 (9th Cir.2005), *cert. denied.*, ___ U.S. ___, 126 S.Ct. 1181 (2006).

To the extent Petitioner's motion for entry of judgment for Respondent seeks entry of judgment in connection with the November 20, 2001 Order denying Petitioner's Section 2255 motion, Petitioner's motion is DENIED as moot. Petitioner filed an appeal of the November 20, 2001 Order to the Ninth Circuit and the Ninth Circuit denied Petitioner's request for a certificate of appealability.

To the extent Petitioner's motion for entry of judgment is directed to the motion to reopen and reconsider the denial of the Section 2255 motion, Petitioner's motion is GRANTED.

## CONCLUSION

For the reasons stated above:

1. Petitioner's motion to reopen and reconsider is DENIED;

2. A Certificate of Appealability shall not issue from the denial of Petitioner's motion to reopen and reconsider because Petitioner has not made a substantial showing of denial of a constitutional right in his motion to reopen and reconsider, nor is the issue fairly debatable among jurists of reason;

3. Petitioner's motion for entry of judgment is DENIED IN PART AND GRANTED IN PART;

4. The Clerk of the Court is directed to enter judgment for Respondent and against Petitioner on this Order denying Petitioner's motion to reopen and reconsider.

1  IT IS SO ORDERED.

2  **Dated:   July 20, 2007**                              /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE